WASHINGTON M. LAW

*v.*

WILL M. WOODRUFF, Adm'r, etc.

</div>

1. EVIDENCE—*letters*—*presumptions.* In an action for a breach of marriage contract, where the plaintiff read in evidence letters from defendant, and he failed to read those received by him from her, it is error for the court to instruct the jury that they should draw the strongest inferences from his which they will bear, as the law presumes they contain evidence against him, or he would have produced them or accounted for their non-production.

2. SAME. The law indulges no such presumption, and as a general rule a party can not introduce his own declarations in evidence, nor will the law indulge presumptions against his adversary if he fails to introduce them in evidence. Such letters are no more than the declarations of the party writing them.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

The facts are stated in the opinion.

Mr. JOHN V. EUSTACE, for the appellant.

Mr. O. M. WOODRUFF, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Samantha Young, in the Whiteside Circuit Court, against appellant, for the recovery of damages for the breach of a marriage contract. The declaration averred the making of the contract and its breach, and appellant's marriage to another woman. Appellant filed a plea of the general issue. A trial was had, resulting in a verdict, in favor of plaintiff, for the sum of $500. A motion for a new trial was entered, which the court overruled, and rendered judgment on the verdict, from which this appeal is prosecuted for the purpose of reversing the judgment, and various errors are assigned on the record.

It appears, by a stipulation of the parties, that appellee subsequently intermarried with one Robert McGee, and that she has since departed this life, and William M. Woodruff has been appointed her administrator, and the appeal is revived in his name.

On the trial, a large amount of evidence was introduced, and various instructions were given for each party. On a careful examination of all the evidence found in the record, we find that it is by no means conclusive, or even satisfactory, as to the right of intestate to recover.

It also appears that the court below gave this instruction :

" The court instructs the jury, that if you shall find, from the evidence, a correspondence was entered into between the parties, and that the letters read in evidence, from the defendant to the plaintiff, purport to have been in answer to the plaintiff's letters to the defendant, then the jury are entitled to put the strongest construction upon the defendant's letters which they will reasonably bear against him, unless he introduces the plaintiff's letters to him, or showed that he is unable to do so, for the law presumes that they contain evidence against him, or he would not withhold them from the jury."

This instruction fails to state the law correctly, and, under the unsatisfactory evidence in the case, was calculated to mislead the jury to the prejudice of defendant. As a matter of law, no such inferences can be drawn. If such were the legal conclusion, it would place almost any single man at the mercy of an artful and designing woman. She would only have to write him letters in which she recognized the existence of a marriage contract, after having become acquainted with him and been in his company; then sue for a breach of marriage contract, and prove that she had written and sent him letters, and thus obtain the benefit of presumptions opposed to the truth, and manufactured by the plaintiff. This would violate the rule that parties can not introduce their own declarations in evidence. Nor can they claim presumptions in their favor because the other party fails or refuses to introduce them as evidence. And these letters are no more than the written declarations of appellee. Nor can the law create presumptions against appellant because he refuses to introduce them, or account for failing to do so, on the trial. Such facts should be left to the jury, as practical men, to weigh, consider and determine what they prove, if anything.

It was error in the court below to give this instruction, and for that the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*